## No. 25886

## The People of the State of Colorado v.
## Calvin Wallace Stephenson

(528 P.2d 1313)

Decided December 9, 1974.

John P. Moore, Attorney General, John E. Bush, Deputy, Patricia W. Robb, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant seeks to reverse an adverse ruling denying his motion under Crim. P. 35(b) for post-conviction relief. We affirm the ruling.

Appellant was convicted by a jury in July of 1968 of first-degree arson in violation of C.R.S. 1963, 40-3-1. His motion for new trial was denied. Thereafter, his application for probation was considered favorably and he was placed on probation for a term of three years. On April 20, 1971, after an evidentiary hearing on a petition for revocation of probation, his probation was revoked and he was sentenced to serve a term in the state

penitentiary of not less than three nor more than five years. Appellant is now on parole.

In August of 1972, appellant filed his motion to vacate sentence and for other post-conviction relief under Rule 35(b). This motion asserted two bases for post-conviction relief: first, he was denied his right of appeal because of ineffective assistance of counsel in violation of his constitutional rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under Article II of the Colorado Constitution; and, second, that the trial court improperly denied a motion to suppress his confession obtained in violation of his constitutional rights. After an evidentiary hearing, the court denied his motion for relief.

I.

██ Appellant was represented at trial by his privately employed counsel. There is no dispute as to the adequacy of counsel during the course of the trial. Counsel filed and argued a motion for new trial and represented appellant at the providency hearing which resulted in placing appellant on probation. The record shows that counsel advised appellant of his right to appeal and that appellant indicated he wished to appeal his conviction. Counsel advised appellant that the total costs of appeal would be $1,000, $300 of which was needed in advance to cover the expenses. Appellant responded he did not then have the money but that he would get it for counsel. Thereafter, appellant was placed on probation. He did not again contact his attorney relative to the appeal. No notice of appeal was filed in the trial court by counsel, who assumed appellant had lost interest in appealing his conviction. At no time during the post-trial proceedings until the motion under Crim. P. 35(b) did appellant indicate, either to counsel or to the court, that he was unable to obtain funds to employ counsel and that he was in fact indigent.

The record is clear that neither appellant's counsel nor the trial court in fact advised him that if he was indigent the court would appoint counsel to represent him on appeal at state expense. The subject of indigency was not brought up, either in consultation with his private counsel or in open court. Crim. P. 32(c) was not then in effect. The record is also clear that appellant never ad-

vised his counsel that he could not obtain the necessary funds to perfect his appeal. Additionally, we note that appellant employed private counsel to represent him at the proceedings on revocation of his probation.

In view of all of the circumstances, we do not fault counsel for assuming that appellant had changed his mind concerning his desire to appeal the conviction and we cannot conclude that appellant had ineffective assistance of counsel in this regard.

It is apparent to us that appellant chose to take advantage of the court's leniency in placing him on three years' probation rather than to pursue an appeal from his conviction. We find no error in the court's ruling in this regard.

II.

We find no merit to the second ground for post-conviction relief, that appellant's confession was obtained in violation of his constitutional rights. A full evidentiary hearing was held on his motion to suppress the confession from evidence. The evidence concerning the voluntariness of the confession was in dispute. Appellant, prior to giving the confession, twice was advised of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974, and he twice signed advisement forms in which he acknowledged that he understood his rights and that he was willing to give a statement.

■ Appellant asserts he was denied the right to have counsel present at two interrogations leading up to his statement confessing to the commission of the crime of arson. One interrogation was conducted by a deputy sheriff and the second was by a special agent of the Fraud and Arson Bureau of the American Insurance Association, which led to a polygraph examination administered to appellant. The disputed evidence was resolved against appellant. The court specifically found that he knowingly, intelligently and voluntarily waived his constitutional right to silence and to have an attorney present with him during any and all of the interrogations, and the court concluded that appellant's confession was not involuntarily, illegally or unconstitutionally taken in violation of his constitutional rights. The matters to be resolved were essentially those of credibility of the various witnesses and were properly for determination by the trial court. The

motion to suppress was therefore properly denied.

### III.

■ Appellant notes in his reply brief additional trial irregularities involving sufficiency of the evidence, error in instructions, denial of tendered instructions, and alleged erroneous rulings on evidence, all of which were grounds asserted in his motion for a new trial. He contends these are meritorious reasons for granting him a new trial. They were not assigned as grounds for relief in his Crim. P. 35(b) motion. They are properly matters to be considered on appeal and, in view of our disposition of appellant's request for a late appeal under section I hereof, we decline to give them further consideration.

The ruling is affirmed.