Dale FOOTE, Appellant,
(Defendant/Appellant),

v.

The STATE of Wyoming, Appellee,
(Plaintiff/Appellee).

No. 87–134.

Supreme Court of Wyoming.

March 11, 1988.

Wyoming Public Defender Program: Leonard D. Munker, Public Defender, Julie D. Naylor, Appellate Counsel, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Sylvia Lee Hackl, Sr. Asst. Atty. Gen., and Thomas A. Roan, Legal Intern, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

THOMAS, Justice.

The sole question in this case is whether the district court, in its role as an intermediate appellate court, properly dismissed a criminal appeal from the county court because the notice of appeal was not filed on time. The record does not tell us whether the failure to file the notice of appeal on time was the fault of Dale Foote or that of his attorney. The district court applied Rule 1.02, W.R.A.P.C.L.J.[1] It dismissed the appeal for failure to file the notice of appeal on time. We reverse the order dismissing the appeal and remand the case to the district court for a hearing to determine whether the failure to file the notice of appeal on time was attributable to Dale Foote or to his counsel.

Foote sets forth the issue in his brief as follows:

"1. Whether the district court erred in dismissing appellant's direct appeal for lack of jurisdiction."

The State says that the issue to be determined is:

"Whether there is sufficient evidence to determine if appellant was denied effective assistance of counsel."

The refined issue is whether an absence of information sufficient to determine the question of denial of effective assistance of counsel suffices to justify the dismissal.

---

1. Rule 1.02, W.R.A.P.C.L.J. provides:
   "The timely filing of a notice of appeal is jurisdictional. The failure to comply with any other of these rules or any order of court does not affect the validity of the appeal, but is ground only for such action as the district court deems appropriate, including but not limited to citation of counsel or a party for contempt, refusal to consider the offending party's contentions, assessment of costs, or dismissal or affirmance."

Foote was charged with unlawfully, and without authority, entering a building or occupied structure in violation of § 6–3–302, W.S.1977 (June 1983 Replacement). This misdemeanor was charged by information filed in the county court, and Foote was tried by a jury. He was found guilty and sentenced to a term of six months in the Natrona County jail. All but five days of the sentence were suspended, and he was placed on supervised probation for six months pursuant to specified terms and conditions, one of which was that he pay restitution. The judgment and sentence was filed on December 8, 1986, and Foote, by his counsel, filed a motion for a new trial on December 16, 1986. That motion was denied by an order which was entered on January 7, 1987. A Notice of Appeal to the district court, which was prepared by Foote's trial counsel, was filed January 21, 1987, fourteen days after entry of the order denying his motion for new trial.

Foote then was granted leave to proceed in forma pauperis with his appeal, and the public defender was assigned to represent him. Foote's new counsel filed a statement of errors on March 31, 1987, alleging (1) error in denying the motion for new trial, (2) insufficiency of the evidence, and (3) ineffective assistance of counsel. The district court dismissed the appeal, without hearing it on the merits, because it concluded that the notice of appeal was filed late. Foote appealed to this court from the order dismissing his appeal in the district court.

■ Rule 2.01, W.R.A.P.C.L.J., provides that a notice of appeal to the district court must be filed within ten days from the entry of judgment and sentence, or from the entry of an order upon certain motions, including a motion for a new trial like that filed in this case. There is no question that the notice of appeal was not timely filed in this case, and the invocation of the filing of a late notice of appeal as a basis for dismissal on the ground of lack of jurisdiction represents a rather standard result. That result was ordered many times in this court. In 1985, however, the Supreme Court expanded upon the case of

*Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811, reh. denied 373 U.S. 905, 83 S.Ct. 1288, 10 L.Ed.2d 200 (1963), in which it had held that the Fourteenth Amendment to the Constitution of the United States guarantees a defendant in a criminal case the right to counsel on his initial appeal. In *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821, reh. denied 470 U.S. 1065, 105 S.Ct. 1783, 84 L.Ed.2d 841 (1985), the Supreme Court held that the due process right defined in *Douglas v. California*, supra, is transgressed if the criminal defendant does not have effective assistance of counsel in prosecuting an initial appeal afforded as a matter of right under state law. In that case, retained counsel filed a timely notice of appeal but failed to file a statement of appeal in accordance with the Kentucky court's rules of appellate procedure. The appeal was dismissed, and the Supreme Court of the United States ruled that the failure of the attorney to satisfy the procedural requirements for perfecting the appeal amounted to ineffective assistance of counsel. The dismissal under the circumstances constituted a denial of due process of law guaranteed to the defendant by the Fourteenth Amendment.

The Supreme Court, noting that an appeal as a matter of constitutional right is not required in a criminal case, said:

"[I]f a State has created appellate courts as 'an integral part of the * * * system for finally adjudicating the guilt or innocence of a defendant,' *Griffin v. Illinois*, 351 U.S. [12] at 18, [76 S.Ct. 585 at 590, 100 L.Ed. 891 (1956)], the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." *Evitts v. Lucey*, supra, 469 U.S. at 393, 105 S.Ct. at 834.

The opinion includes a comment that nominal representation in an appeal afforded as a matter of right is not sufficient to satisfy the constitution and leaves the defendant in no better position than one who has no attorney. The effect of the decision in that case is that the mistake of an attorney will not justify the loss of the client's right to an appeal.

We have invoked the doctrine of *Evitts v. Lucey,* supra, in prior cases. In *Murry v. State,* Wyo., 713 P.2d 202, 205 n. 1 (1986), we said:

"Appellant failed to file a timely notice of appeal and the appeal was dismissed. *Murry v. State,* Wyo., 631 P.2d 26 (1981). On February 12, 1985, appellant filed a petition for a writ of certiorari in this court seeking to have his appeal reinstated based on the United States Court decision in *Evitts v. Lucey,* [469] U.S. [387], 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). The petition was granted and the appeal was reinstated."

The State of Wyoming accedes to these propositions in this case. Its argument, however, is that if Foote was responsible for the failure to file the notice of appeal on time, then the doctrine of *Evitts v. Lucey,* supra, has not been transgressed, and the dismissal should be sustained. The State then urges that the evidence in this record is not sufficient to sustain a determination that Foote was denied effective assistance of counsel because it includes no information with respect to whether the failure to file the notice of appeal in a timely manner was attributable to Foote or to his lawyer. The nub of the case then is whether, in order to claim the benefit of the doctrine of *Evitts v. Lucey,* Foote must demonstrate on the record that the responsibility lay with his attorney.

The State's position finds support in cases decided prior to and subsequent to *Evitts v. Lucey,* supra, such as *Houston v. Housewright,* 678 F.2d 757 (8th Cir.1982), cert. denied 459 U.S. 993, 103 S.Ct. 352, 74 L.Ed.2d 390 (1982). In that case, the defendant advised his retained counsel of his desire to appeal, but he also said that he could not pay for either his completed trial defense or for his appeal. His attorney then prepared and furnished to the defendant a notice of appeal together with a motion to appeal in forma pauperis. He gave the defendant appropriate filing instructions and notified him of the filing deadline. The defendant did not file the requisite forms on time, and, in denying habeas cor-

pus relief, the United States Court of Appeals for the Eighth Circuit held that the failure to file a timely notice of appeal did not result in ineffective assistance of counsel because it was attributable to the defendant's own neglect not to that of his attorney. *People v. Stephenson,* 187 Colo. 120, 528 P.2d 1313 (1974), and *Henry v. Hopper,* 235 Ga. 196, 219 S.E.2d 119 (1975), antedating *Evitts v. Lucey,* supra, are to the same effect.

The Georgia Court of Appeals addressed the problem after *Evitts v. Lucey,* supra. That court said:

"An out-of-time appeal is not authorized, however, in every criminal case which involves a failure by counsel to follow the applicable procedure necessary to secure appellate review. 'A person convicted of a crime in a trial court in this state * * * must pursue applicable statutory requirements. A convicted party can, by his own conduct or by his conduct in concert with that of his attorney, forfeit his appeal. If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court.' An out-of-time appeal is not authorized if the loss of the right to appeal is not attributable to ineffective assistance of counsel but to the fact that the defendant himself slept on his rights." (Citations omitted.) *Cannon v. State,* 175 Ga.App. 741, 334 S.E. 2d 342, 343 (1985).

The facts in *Cannon v. State,* supra, closely parallel those in this case. There, the appellant filed a motion for an out-of-time appeal, which was denied in the trial court. The facts did not disclose whether fault lay with the defendant or with counsel. The Georgia Court of Appeals remanded that case for a determination of the factual question of whether the right to appeal was lost because of ineffective assistance of counsel or because of the defendant's own negligence.[2]

2. The Georgia Court of Appeals ultimately reviewed Cannon's conviction. *Cannon v. State,*

The record in this case is silent as to the reason for not filing the notice of appeal on time. It reveals no discussions between appellant and trial counsel with respect to taking an appeal and does not even reflect whether Foote instructed counsel to file the notice of appeal within the time required. We assume the county court advised Foote of his right to appeal, but the record is not clear on that point. Consequently, the fact may be that appellant negligently delayed or hesitated in making the decision to appeal or, on the other hand, it may be that the fault was that of Foote's counsel.

We conclude that the remedy utilized in *Cannon v. State,* supra, is appropriate. We, therefore, reverse the order dismissing the appeal and remand the case to the district court for an evidentiary hearing to determine if fault for the late notice of appeal was that of Foote or of his counsel. If the district court finds that the failure to file the notice of appeal on time should be attributed to Dale Foote, then it may properly re-enter its order dismissing the appeal. On the other hand, if it finds that the fault was attributable to Foote's counsel, it may invoke the common law writ of certiorari pursuant to Art. 5, § 10 of the Constitution of the State of Wyoming. We have found that to be an appropriate method to entertain review of cases in which the doctrine of *Evitts v. Lucey,* supra, has been transgressed, without violating the jurisdictional requirement of a timely filing of a notice of appeal, and without insisting that the remedy of a post-conviction proceeding be pursued.

We reverse the order of dismissal and remand the case for a hearing in accordance with this opinion.

179 Ga.App. 142, 345 S.E.2d 623 (1986). The second opinion is not definitive with respect to the action of the trial court upon remand, but since the trial court authorized the appeal, the only conclusion to be drawn is that it determined Cannon's right to appeal had been lost because of the ineffective assistance of counsel. The case is illustrative of the operation of the rule which we adopt.