PUBLISH

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DERRICK R. PARKHURST,

       Petitioner-Appellant,

v.

DUANE SHILLINGER, Warden of the
Wyoming State Penitentiary,
WYOMING ATTORNEY GENERAL,

       Respondents-Appellees.

No. 96-8046

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D.C. No. CIV-94-199-D)

---

Submitted on the briefs:

Derrick R. Parkhurst, pro se.

William U. Hill, Wyoming Attorney General, Robin Sessions Cooley, Assistant
Attorney General, Cheyenne, Wyoming, for Respondents-Appellees.

---

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

---

BRORBY, Circuit Judge.

---

Petitioner Derrick Parkhurst appeals the judgment of the district court refusing to hear his claim of ineffective assistance of appellate counsel brought pursuant to 28 U.S.C. § 2254. For the reasons stated below, we affirm.[1]

Petitioner was convicted of first degree murder and assault with a deadly weapon. In his direct appeal, petitioner argued that (1) the vehicle in which he was riding after the crimes were committed was stopped by police without probable cause and the evidence seized therein should have been suppressed; (2) the consent to search the vehicle was obtained illegally and the evidence should also have been suppressed on that basis; and (3) the arresting officer made an impermissible comment at trial on petitioner's right to remain silent. These claims were rejected, and petitioner's conviction was affirmed. See Parkhurst v. State, 628 P.2d 1369, 1382 (Wyo. 1981).

In 1985, petitioner filed a petition under Wyoming's postconviction statutes, Wyo Stat. Ann. §§ 7-14-101 through 108, which provide a remedy for felons in custody in state penal institutions who believe they are unconstitutionally confined. Petitioner's postconviction petition claimed only that petitioner's rights had been abridged by the arresting officer's comment on his

---

[1]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

right to remain silent, one of the issues the Wyoming Supreme Court had rejected on direct appeal. The state does not dispute that this petition has never been ruled on.

In 1993, petitioner filed a state habeas corpus action, claiming that the state trial court lost jurisdiction to try him because he was insane at the time the crimes were committed.[2] After the district court denied the petition because the claim was not cognizable under the Wyoming habeas system, petitioner refiled his petition in the Wyoming Supreme Court which likewise dismissed for lack of a cognizable claim.

In addition to the habeas petition filed in 1993, petitioner also filed a petition for writ of certiorari with the Wyoming Supreme Court requesting reinstatement of his direct appeal. This was the first time that petitioner raised in a state forum the issue he now seeks to have reviewed in federal court, namely, that he was denied effective assistance of appellate counsel because the issue of ineffective assistance of trial counsel was not raised on direct appeal. The Wyoming Supreme Court declined to reinstate his direct appeal. The merits of his ineffective assistance argument, therefore, have never been reviewed.

---

[2]     Wyoming's habeas corpus remedy is limited and confined to situations where the trial court lacked jurisdiction to try the defendant. See Wyo. Stat. Ann. § 1-27-125; State ex rel. Hopkinson v. District Court, 696 P.2d 54, 60 (Wyo. 1985).

In 1994, petitioner filed a petition for writ of habeas corpus in the federal district court, raising only the ineffective assistance of appellate counsel argument. Noting that ineffective assistance of counsel claims are time-barred in Wyoming unless raised within five years after the conviction, see R. tab 23 at 2; see also Wyo. Stat. Ann. § 7-14-103(d), and finding neither cause nor prejudice from petitioner's failure to raise the issue in a timely fashion, the district court adopted the conclusion of the magistrate judge that petitioner's claim was procedurally defaulted. In addition, the district court found that petitioner had not avoided default by raising the issue for the first time to the Wyoming Supreme Court in a petition for writ of certiorari. The district court dismissed the petition, and this appeal followed.[3]

Petitioner's first argument is that he has properly exhausted state court remedies by filing his petition for writ of certiorari in the Wyoming Supreme Court for restoration of his direct appeal. As mentioned above, the district court rejected this argument. In doing so, it concluded that the Wyoming certiorari

---

[3] Petitioner has moved this court for issuance of a certificate of appealability to prosecute his appeal. Because he filed his habeas corpus petition on August 2, 1994, prior to the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), he does not need a certificate of appealability to proceed. See United States v. Kunzman, No. 96-1310, 1997 WL 602507, at *3 n.2 (10th Cir. Oct. 1, 1997). Therefore, pursuant to the requirements of 28 U.S.C. § 2253 in effect at the time petitioner filed in the district court, we grant a certificate of probable cause and proceed to the merits of petitioner's appeal.

procedure has only been used to remedy procedural defects by allegedly ineffective counsel as opposed to the substantive error alleged here by petitioner. See R. tab 23 at 3. Further, the district court noted that the certiorari petition was not filed until several years after the claim of ineffective assistance had been time barred. See id. at 3-4. While our reasoning differs from that of the district court, we agree that petitioner has not exhausted his state remedies by virtue of his certiorari petition.

In attacking this conclusion, petitioner argues that he has exhausted his state remedies because a petition for writ of certiorari is the favored remedy under Wyoming law to pursue his particular claim and that, since Wyoming's postconviction and certiorari procedures are both extraordinary proceedings, exhaustion of one remedy is sufficient to exhaust all. Petitioner takes exception to the district court's conclusion that the certiorari procedure is limited to the correction of procedural errors and does not include substantive errors, and argues that, if there is a question about the scope of the certiorari remedy, the state procedures are ambiguous and the question should be resolved in his favor.

It has long been clear that a § 2254 petition containing federal claims which have not been exhausted in state court must be dismissed. See Rose v. Lundy, 455 U.S. 509, 513-20 (1982). The exhaustion requirement is satisfied, however, "'once [a] federal claim has been fairly presented to the state courts.'" Castille v.

-5-

Peoples, 489 U.S. 346, 351 (1989) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).  The question here, therefore, is whether petitioner fairly presented his claim of ineffective assistance of appellate counsel by first presenting it in a petition for writ of certiorari to the Wyoming Supreme Court.

In Castille, 489 U.S. 346, the Court "address[ed] again what has become a familiar inquiry:  To what extent must the petitioner who seeks federal habeas exhaust state remedies before resorting to the federal court?"  Id. at 349-50 (quotation omitted).  There, petitioner had raised two of his particular claims for the first time in a petition for allocatur in the Pennsylvania Supreme Court, a procedure committed to "sound judicial discretion, [where] an appeal will be allowed only when there are special and important reasons therefor."  Id. at 347 (quotation omitted).  In concluding that such procedure was not "fair presentation" and was therefore insufficient to exhaust state remedies, the Court stated that "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation."  Id. at 351 (quotations omitted).  Because of the similarity between Wyoming's Supreme Court certiorari petition procedure and the allocution procedure involved in Castille, we conclude that petitioner's presentation of his claim to the Wyoming Supreme Court via a

-6-

petition for writ of certiorari was similarly ineffective to exhaust his state remedies.

Initially we note that, like the petition for allocatur considered in Castille, a writ of certiorari in Wyoming is not a matter of right, and its grant is left to the sound discretion of the court. See In re The General Adjudication Of All Rights To Use Water In The Big Horn River Sys., 803 P.2d 61, 67 (Wyo. 1990). Further, certiorari will not issue where an alternative remedy exists. See Call v. Town of Afton, 278 P.2d 270, 275-76 (Wyo. 1954) (finding that "statutory provisions for review were . . . plain, speedy and adequate"); see also City of Sheridan v. Cadle, 157 P. 892, 893 (Wyo. 1916). Because review under Wyoming's certiorari petition procedure is discretionary and limited, we find that petitioner's presentation of his ineffective assistance claim for the first time via that procedure was not fair presentation.

Petitioner's argument to the contrary rests on language in Foote v. State, 751 P.2d 884 (Wyo. 1988), in which the court considered the district court's dismissal of a direct appeal because the notice of appeal was untimely. The court referred to prior precedent in which it had reinstated a direct appeal pursuant to a petition for writ of certiorari, see Murry v. State, 713 P.2d 202, 205 n.1 (Wyo. 1986), and discussed the effect of the Supreme Court's decision in Evitts v. Lucey, 469 U.S. 387 (1985), which held that a criminal defendant has a

constitutional right to effective assistance of counsel in prosecuting an initial appeal. Because it was unable to determine whether the failure to file the notice of appeal was the fault of Mr. Foote or his counsel, the court remanded the case to the district court for a hearing on that issue. Anticipating a point at which that determination had been made by the district court, the Wyoming Supreme Court directed the following procedure:

> if [the district court] finds that the fault was attributable to [the petitioner's] counsel, it may invoke the common law writ of certiorari pursuant to Art. 5, § 10 of the Constitution of the State of Wyoming. We have found that to be an appropriate method to entertain review of cases in which the doctrine of Evitts v. Lucey, [469 U.S. 387 (1985),] has been transgressed, without violating the jurisdictional requirement of a timely filing of a notice of appeal, and without insisting that the remedy of a post-conviction proceeding be pursued.

Id. at 887. Petitioner argues from this language that filing a petition for certiorari in the Wyoming Supreme Court is the favored procedure for raising, for the first time, a claim of ineffective assistance of appellate counsel. Petitioner reads too much into Foote.

Initially, we note that the focus of the procedure discussed in Foote is not the certiorari authority of the Wyoming Supreme Court, set out in Article 5, § 3 of the Constitution of the State of Wyoming (the section under which petitioner filed his petition) but is the certiorari authority of the district courts found at Article 5, § 10. It is clear in Foote that the Wyoming Supreme Court envisioned a process,

appropriate in the particular circumstance, where the district court could make a finding of fact about responsibility for the late notice of appeal, and then, if the fault lie with counsel, could invoke the district court's own certiorari procedure in order to reinstate the direct appeal. Under those circumstances, a finding of ineffective assistance of appellate counsel would have already been made by a tribunal set up to do so. The court stated: "We have found that to be an appropriate method to entertain review of cases in which the doctrine of Evitts v. Lucey, supra, *has been transgressed*," id. at 887 (emphasis added), implying that the finding of ineffective assistance of appellate counsel had already been made in a proper forum before the certiorari authority is invoked. We do not view Foote as authority for the proposition that a petitioner can raise the issue of ineffective assistance of appellate counsel for the first time in a petition for writ of certiorari to the Wyoming Supreme Court and effect a fair presentation of the claim for federal habeas exhaustion purposes.

None of the cases cited by petitioner in which the Supreme Court of Wyoming has granted a petition for certiorari in order to reinstate a direct appeal undercuts the fact that the relief granted is discretionary in nature. See Stice v. State, 799 P.2d 1204 (Wyo. 1990); Foote, 751 P.2d 884; Price v. State, 716 P.2d 324 (Wyo. 1986); Murry, 713 P.2d 202. Further, petitioner could have brought his ineffective assistance of appellate counsel argument in his postconviction

petition, see Cutbirth v. State, 751 P.2d 1257, 1263 (Wyo. 1988), thus availing himself of an adequate alternative remedy.

Because we hold that petitioner did not exhaust his state remedies by virtue of his petition for writ of certiorari, we need not address petitioner's argument that, because certiorari and postconviction relief are both extraordinary proceedings, exhaustion of one constitutes exhaustion of the other. Nor do we address petitioner's contention that Wyoming's certiorari petition procedure encompasses substantive as well as procedural error.

While petitioner has not exhausted his state remedies because his claim was not fairly presented to the Wyoming courts, petitioner's claim is exhausted in reality because it is clear that his claim is now procedurally barred under Wyoming law. See Castille, 489 U.S. at 351 (noting that, while exhaustion may not exist because claim was not fairly presented in the appropriate procedural context, "[t]he requisite exhaustion may nonetheless exist, of course, if it is clear that respondent's claims are now procedurally barred under Pennsylvania law" and citing Engle v. Isaac, 456 U.S. 107, 125-26 n.28 (1982)). "Section 2254(b) requires habeas applicants to exhaust those remedies 'available in the courts of the State.' This requirement, however, refers only to remedies still available at the time of the federal petition." Engle, 456 U.S. at 125-26 n.28.

At the time petitioner filed his federal habeas petition, he had already raised the ineffective assistance issue in the certiorari petition which had been denied by the Wyoming Supreme Court. He had also already filed a postconviction petition, but had failed to include the ineffectiveness claim therein. Therefore, there is nothing further for petitioner to do in the Wyoming courts; there is no further state collateral relief available to him. He has therefore, realistically, exhausted his state remedies. That fact, however, does not save petitioner and enable the federal court to hear his claim. Where the reason a petitioner has exhausted his state remedies is because he has failed to comply with a state procedural requirement for bringing the claim, there is a further and separate bar to federal review, namely procedural default. See id. at 110. Here, pursuant to Wyoming's requirements for postconviction relief, petitioner had five years within which to bring his ineffective assistance claim. His postconviction petition, while filed within the five year period, did not include such claim. Assuming that Wyoming would resort to the adequate and independent state law procedural time limit contained in § 7-14-103(d) and would apply the plain language of its statute, petitioner has thus procedurally defaulted this claim, and a federal court will not entertain it absent a showing of cause for the default and prejudice therefrom. See id. at 129.

Apparently in an effort to establish cause for his failure to include an ineffective assistance of appellate counsel claim in his postconviction petition, petitioner claims that he was denied access to the Wyoming postconviction statutes at the time his five-year time limit for filing the petition expired. In his reply brief, petitioner argues that, because of this deficit, he was uninformed about "any pleading standard, burden of proof, or any knowledge of the contents of the statutes at all except their number." Reply Br. at 7.

Our review of petitioner's postconviction petition, however, does not reveal any technical infirmity which would damage petitioner's case and which might have been avoided by access to the statutes. The petition complies with the requirements of Wyo. Stat. Ann. § 7-12-102 and does not suffer from lack of reference to a pleading standard or burden of proof. Lack of access to the state statutes is insufficient, under these circumstances, to demonstrate cause for petitioner's failure to include his ineffective assistance of appellate counsel claim in his postconviction petition.

Secondly, petitioner asserts, as cause for his default, that the state deliberately interfered with his right to access the courts by providing misleading legal advice. Petitioner was not entitled to assistance of counsel in his postconviction proceeding. See Pennsylvania v. Finley, 481 U.S. 551, 558 (1987). Any failure to assist petitioner in this regard would therefore not amount

to a violation of constitutional magnitude and, as such, cannot provide the cause necessary to excuse petitioner's procedural default.

Petitioner also generally argues that he had a right to the assistance of counsel at the postconviction level because it was there that he was first able to bring his claim of ineffective assistance of appellate counsel. We disagree. In 1987, the Supreme Court held that the Constitution does not require states to provide counsel in postconviction proceedings. See id. Two years later, the Supreme Court made it clear that this is true even when the putative petitioners are facing the death penalty. See Murray v. Giarratano, 492 U.S. 1, 7-12 (1989).

> [T]here is nothing in the Constitution or the precedents of [the Supreme] Court that requires that a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the States to provide such proceedings, nor does . . . the Constitution require[] the States to follow any particular federal model in those proceedings.

Id. at 13 (O'Connor, J., concurring).

Against this backdrop, this court has reaffirmed that claims of ineffective assistance of counsel are properly brought in postconviction proceedings, thus implicitly approving such procedure despite the fact that no counsel is available as of right. See United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (§ 2255 petition). Petitioner has cited no case, and we have found none, which holds that a state is required, as a matter of federal constitutional law, to provide

counsel in postconviction proceedings, even those asserting ineffective assistance of counsel claims.

Petitioner's citation to Hannon v. Maschner, 981 F.2d 1142 (10th Cir. 1992), is unavailing. There, the petitioner's attorney had failed to file a direct appeal, and Kansas courts had refused to grant an out-of-time appeal. See id. at 1144. The petitioner never had the opportunity to have the merits of his trial reviewed on appeal. This is not petitioner's situation. Mr. Parkhurst's conviction was fully reviewed on direct appeal. Further, he had the opportunity to bring his ineffective assistance of counsel claim in his petition for postconviction relief, which he failed to do. Because Wyoming's postconviction scheme afforded petitioner the equivalent of direct appellate review of his ineffective assistance claim, his case is distinguishable from Hannon.

Petitioner's argument that the Wyoming postconviction statutes are not clearly applicable to his case and are thus ambiguous is also without merit. Wyo. Stat. Ann. § 7-14-103(b)(ii) clearly contemplates a claim by a petitioner of ineffective assistance of appellate counsel. Further, the language in § 7-14-101(b) providing for a remedy for constitutional violations that "resulted in [] conviction" includes alleged violations during the direct appeal, the latter being an integral part of the conviction process in Wyoming. See, e.g., Wyo. R. Crim P. 32(c)(3); 44(a)(1).

As an alternative to showing cause and prejudice, a procedurally defaulted petitioner can obtain federal review of his claims if he or she can demonstrate that failure to consider them will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). "The fundamental miscarriage of justice exception is available only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993) (quotation omitted). Petitioner has failed to make such a showing.

Petitioner's second argument, that it was error for the district court to dismiss because he did not argue ineffective assistance on direct appeal, is without merit. Initially, we note that the magistrate judge stated that "the petitioner could have raised this issue both in his earlier appeal and in an action for post-conviction relief prior to its becoming time-barred." R. tab 13 at 3. While petitioner is correct that he was not required to raise his ineffective assistance argument on direct appeal, see Cutbirth, 751 P.2d at 1263, the magistrate is correct that petitioner could have raised the issue in his petition for postconviction relief, see id. Contrary to petitioner's representation, the decision of the district court does not rest on petitioner's failure to raise his ineffective assistance claim on direct appeal.

-15-

As his third point of error, petitioner argues that Wyoming's postconviction procedure is inadequate to protect his right to constitutionally effective counsel. In particular, petitioner contends that the eleven-year delay in obtaining a ruling on his petition renders the procedure inadequate. Petitioner, however, cannot argue that the delay has prejudiced his ability to prosecute his ineffective assistance claim because such a claim was not included in his postconviction petition. Because the claim was not included in the postconviction petition, the delay cannot be said to have rendered the procedure inadequate as to petitioner. If the postconviction petition cannot remedy petitioner's alleged injury from ineffective counsel, the fault lies with petitioner for not including the claim in his petition in the first place.

Similarly, petitioner's argument that the state postconviction remedy is conjectural because it has not resulted in the release of any prisoner, and is futile or inadequate is unavailing as to him because he did not include his ineffective assistance claim in his petition. We will not find a state court remedy conjectural, inadequate, or futile where the petitioner has omitted the issue on which he bases his claim for relief in his petition brought pursuant to the challenged state remedial scheme.

Finally, petitioner takes issue with any suggestion that there is a five-year time limit in Wyoming for bringing a claim for ineffective assistance of counsel.

-16-

To reinforce this point, petitioner lists six procedures under Wyoming law which may be used as a vehicle to raise such a claim. Petitioner's argument is irrelevant. What matters is the particular procedures he chose as the vehicles by which to pursue his particular claim for relief, here a postconviction petition under Wyo. Stat. Ann. § 7-14-101 through 108, and a petition for writ of certiorari to the Wyoming Supreme Court. The former procedural remedy is clearly limited to claims brought within five years after the judgment of conviction is entered. See Wyo. Stat. Ann. § 7-14-103(d). While the certiorari petition procedure does not have a time limit, our decision that presentation of his claim via this procedure was not fair presentation does not depend on the timing of the petition.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.