**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 26 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GEORGE W. ROBBINS,

      Petitioner-Appellant,

v.

BOBBY BOONE, Warden, Mack
Alford Correctional Center;
ATTORNEY GENERAL OF THE
STATE OF OKLAHOMA,

      Respondents-Appellees.

No. 97-7146
(D.C. No. 95-CV-391-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **ANDERSON** , **BARRETT** , and **TACHA** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Petitioner George W. Robbins, proceeding pro se, appeals the district court's order adopting the magistrate judge's recommendation to deny his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254.  Petitioner challenges his conviction in Oklahoma state court for feloniously pointing a weapon after former conviction of a felony and shooting with intent to kill after former conviction of a felony, alleging (1) his appellate attorney provided constitutionally ineffective assistance for failing to raise on direct appeal his claim that he was not arraigned on the charges against him, (2) he was denied his right to be represented by the attorney of his choice, and (3) the state trial court abused its discretion by refusing his request for a continuance of his trial.

Petitioner has requested a certificate of appealability.  The certificate of appealability provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) do not apply, however, because the habeas petition was filed prior to AEDPA's effective date of April 24, 1996.  See Jackson v. Shanks , 143 F.3d 1313, 1316 n.1 (10th Cir. 1998).  Therefore, we construe petitioner's request for a certificate of appealability as a request for a certificate of probable cause under former 28 U.S.C. § 2253.  See Parkhurst v. Shillinger , 128 F.3d 1366, 1368 n.3 (10th Cir. 1997).

The magistrate judge found that under either AEDPA or pre-AEDPA law, the state court's finding of fact that petitioner had been arraigned on the charges was binding, and therefore petitioner's appellate counsel was not ineffective for failing to raise the issue on appeal.  The magistrate judge also determined that petitioner's federal rights were not violated by the state court's denial of his request to be represented by a different attorney and his motion for a continuance.

We have reviewed the transcripts of the state court hearings, the documents filed in the Oklahoma state trial and appellate courts, the federal district court file including the magistrate judge's report and recommendation and the district court's order, as well as the petitioner's brief with attachments.  For substantially the reasons stated in the well-reasoned report by the magistrate judge dated September 18, 1997, adopted by the district court on December 10, 1997, we conclude petitioner has failed to make "a substantial showing of the denial of [a] federal right."   Barefoot v. Estelle  , 463 U.S. 880, 893 (1983) (quotation omitted); accord  Nguyen v. Reynolds  , 131 F.3d 1340, 1345 (10th Cir. 1997),   petition for cert. filed , (U.S. May 8, 1998) (No. 97-9448).

Accordingly, we DENY petitioner a certificate of probable cause and DISMISS this appeal.

Entered for the Court


James E. Barrett
Senior Circuit Judge