**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 29 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KEVIN ROSS LACEY,

Petitioner-Appellant,

v.

JAMES FERGUSON, in his official
capacity as Wyoming Department of
Corrections State Penitentiary Warden;
WYOMING ATTORNEY GENERAL,

Respondents-Appellees.

No. 98-8071
(D.C. No. 97-80-J)
(D. Wyo.)

---

ORDER AND JUDGMENT  *

---

Before **PORFILIO** , **McKAY** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner-appellant Kevin Ross Lacey, a prisoner in the custody of the State of Wyoming, appeals the district court's denial of his petition filed pursuant to 28 U.S.C. § 2254. The district court granted Mr. Lacey permission to proceed on appeal without prepayment of costs or fees, but denied his application for a certificate of appealability.

"When reviewing a district court's denial of a habeas petition, we accept the court's findings of fact unless they are clearly erroneous. We review the court's conclusions of law de novo." Wildermuth v. Furlong, 147 F.3d 1234, 1236 (10th Cir. 1998) (citations omitted). We agree with the district court that Mr. Lacey has failed to make a substantial showing of the denial of a constitutional right, see 28 U.S.C. § 2253(c)(2), and we thus dismiss this appeal.

Mr. Lacey was convicted by a jury in April 1989 of one count of aggravated kidnaping and two counts of aggravated assault and battery. The Wyoming Supreme Court affirmed the trial court's refusal to grant Mr. Lacey a new trial. See Lacey v. State, 803 P.2d 1364 (Wyo. 1990).

In July 1995, a Wyoming district court denied Mr. Lacey's first petition for post-conviction relief in which he raised all of the arguments presented to the federal district court in his § 2254 petition. The Wyoming court held that

Mr. Lacey's petition was barred by the five-year statute of limitations for such claims. See Wyo. Stat. Ann. § 7-14-103(d) (providing "No petition under this act shall be allowed if filed more than five (5) years after the judgment of conviction was entered"). Mr. Lacey then filed for a writ of certiorari with the Wyoming Supreme Court apparently pursuant to Article 5, § 3 of the Constitution of the State of Wyoming.

In denying Mr. Lacey's petition, the Wyoming Supreme Court held that his "sundry non-jurisdictional defenses . . . were or could or should have been raised on direct appeal." R. Vol. I, tab 1. The court further found that Mr. Lacey had failed to mount a colorable challenge to the jurisdiction of the trial court. See id. Specifically, the court held that the fact Mr. Lacey had been the subject of a protection order brought at the behest of his wife and issued pursuant to Wyoming's Family Violence Protection Act, see Wyo. Stat. Ann. § 35-21-101 to -108, did not subject him to criminal jeopardy, thus defeating his claim of double jeopardy from his later convictions. See id.; see also Lacey v. City of Casper, No. 95-8072, 1996 WL 637232, at **1 (10th Cir. Nov. 5, 1996) (holding same in context of Mr. Lacey's § 1983 suit against various public officials). Finally, although Mr. Lacey's application to the district court for relief under § 2254 states that he advanced an argument relating to the time limitation contained in Wyo. Stat. Ann. § 7-14-103 to the Wyoming Supreme Court, the

full text of that court's decision is not contained in the record. We can assume, however, that Mr. Lacey was unsuccessful in his argument.

In response to Mr. Lacey's federal petition, the district court agreed in most respects with the holdings of the Wyoming Supreme Court. It held that Mr. Lacey's nonjurisdictional claims were barred because they had not been raised on direct appeal. See Duran v. State, 949 P.2d 885, 887 (Wyo. 1997) ("Issues amenable to redress through direct appeal are foreclosed from consideration in the context of a petition for post-conviction relief by the doctrine of res judicata."). Because these claims have been procedurally defaulted pursuant to an adequate and independent state ground, this court will not address them. See Parkhurst v. Shillinger, 128 F.3d 1366, 1370-71 (10th Cir. 1997).[1]

With regard to Mr. Lacey's claim that the trial court lacked jurisdiction because his double jeopardy rights had been violated, the district court correctly noted that the action taken against him under Wyoming's Family Violence Protection Act did not constitute "punishment" and could not form the basis for a double jeopardy violation. See Lacey, 1996 WL 637232, at **1.

---

[1] Mr. Lacey has advanced no facts to establish cause for his default, see Coleman v. Thompson, 501 U.S. 722, 750 (1991), nor does he present a colorable showing of factual innocence of the charges for which he was convicted, see Herrera v. Collins, 506 U.S. 390, 404 (1993).

Mr. Lacey raised his claims of ineffectiveness of trial and appellate counsel in his first post-conviction petition. That petition, however, was not timely filed. As with his other general claims, Mr. Lacey's failure to raise his claims of ineffective assistance of counsel in his state post-conviction petition within the time required by the Wyoming statute, see Wyo. Stat. Ann. § 7-14-103, procedurally defaulted those claims, and this court will not entertain them in a § 2254 proceeding. See Parkhurst, 128 F.3d at 1370-71.[2]

Mr. Lacey's argument that Wyoming's five-year statute of limitations for filing petitions for post-conviction relief should have been tolled during the pendency of his direct appeal is without support in Wyoming law and does not establish the requisite "substantial showing of the denial of a constitutional right," see 28 U.S.C. § 2253(c)(2). The application for a certificate of appealability is DENIED. This appeal is DISMISSED.

The mandate shall issue forthwith.

Entered for the Court


Monroe G. McKay
Circuit Judge

---

[2]    Again, Mr. Lacey has advanced no facts to establish cause for his default, nor does he present a colorable showing of factual innocence. See supra note 1.

-5-