**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL G. MOYER,

      Petitioner-Appellant,

v.

PEOPLE OF THE STATE OF
COLORADO and ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents-Appellees.

No. 00-1355
(D.C. No. 00-Z-716)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **KELLY** and **LUCERO**, Circuit Judges.

Petitioner-Appellant Michael G. Moyer ("Moyer") appeals the district

court's order dismissing his petition for habeas corpus under 28 U.S.C. § 2254.

Moyer pleaded guilty in 1989 to charges of aggravated robbery, assault in the first

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

degree, and mandatory sentencing for a crime of violence – deadly weapon, and he was sentenced to 35 years' imprisonment.  (Application for Writ of Habeas Corpus, Ex. I, Appendix A, p. 4).

Moyer did not appeal his conviction, but, in 1995, he filed a petition in a Colorado district court seeking post-conviction relief and appointment of new counsel.  (Id., Appendix H.)  The state district court appointed new counsel, but eventually denied Moyer's petition on the ground that he procedurally defaulted the claim by failing to raise it within a three-year statute of limitations.  See Colo. Stat. Ann. 16-5-402(1).  (Id. at Appendix P.)  The Colorado Court of Appeals dismissed his pro se appeal because it was filed 17 months after the district court's decision, and was therefore not timely.  (Id. at Ex. III; Ex. V.)  The Colorado Supreme Court denied Moyer's petition for certiorari in November 1999.

Moyer then filed his § 2254 petition in federal district court seeking to proceed in forma pauperis[1] and alleging: (1) that the Colorado Court of Appeals abused its discretion in dismissing his petition, thereby violating his rights to due process and equal protection; (2) that he was denied effective assistance of counsel in entering his initial guilty plea; (3) that he was denied effective

---

[1]Moyer's motion to proceed in forma pauperis was granted by the magistrate judge.  (Order 4/27/00).

assistance of counsel in all of his interactions with Colorado's criminal justice system; and (4) that the original sentencing court violated his due process and equal protection rights by failing adequately to inform him of the consequences of his plea.  (Application for Writ of Habeas Corpus, 6, 7, 9, 9(m).)  He now appeals, and renews his request to proceed in forma pauperis for the purposes of this appeal.

In order for a federal court to grant relief to a prisoner under § 2254, the petitioner must demonstrate he has exhausted available avenues for relief in state court.  See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).  Moyer attributes his failure to bring timely post-conviction proceedings to ineffective assistance received from his appointed counsel.  For substantially the reasons set forth in the district court's opinion, however, we find that Moyer's claims were nonetheless procedurally defaulted.[2]  Cf. Pennsylvania v. Finley, 481 U.S. 551, 554 (1987) (prisoners have no Sixth Amendment right to counsel during post-conviction proceedings); Parkhurst v. Shillinger, 128 F.3d 1366, 1368-69 (10th

---

[2]Moyer's claim that the Colorado Court of Appeals violated his rights to due process and equal protection, of course, did not arise until that court denied his petition for post-conviction relief.  However, Moyer failed to raise that issue in his petition for cert. to the Colorado Supreme Court, and therefore it is not exhausted, and it would be procedurally barred if he sought now to raise it in the Colorado Courts.

Cir. 1997) (ineffective assistance of counsel does not constitute cause and prejudice excusing procedural default of post-conviction proceedings).

Therefore, we GRANT Moyer's petition to proceed in forma pauperis, DENY a certificate of appealability for claim, and DISMISS his appeal.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge