**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DYWAND DAYTRON JULIEN,

Petitioner-Appellant,

v.

JAMES E. ABBOTT, and THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO, JOHN
WESLEY SUTHERS,

Respondents-Appellees.

No. 06-1462

(D.C. No. 06-cv-1191-ZLW-BNB)
(D. Colorado)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE, McKAY,** and **McCONNELL**, Circuit Judges.

Dywand Julien, a Colorado prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

2254 habeas petition and moves for leave to proceed in forma pauperis on appeal.

Because jurists of reason would not find it debatable whether the district court was correct

in its procedural ruling, we deny his request and dismiss the matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res
judicata, and collateral estoppel.

I.

A.

Julien did not file a formal notice of appeal.  As a result, we first must determine whether we have jurisdiction over Julien's request for a COA.  See Rodgers v. Wyoming AG, 205 F.3d 1201, 1204 (10th Cir. 2000) ("'This court cannot exercise jurisdiction absent a timely notice of appeal.'") (citation omitted).  We have held that a document, "such as an application for . . . [a] certificate of appealability, is the functional equivalent of a notice of appeal if it contains the three elements of notice required by Rule 3(c)" of the Federal Rules of Appellate Procedure: "(a) a specification of the party or parties taking the appeal; (b) a designation of the judgment, order, or part thereof being appealed; and (c) the name of the court to which the appeal is taken." Id. at 1204-05.  Julien's request for a COA specifies Julien in the caption as the party taking the appeal, designates the district court's order and judgment of dismissal as the decision being appealed, and names this court as the one to which Julien's appeal is taken.  As Julien filed his request for a COA fifteen days after the order and judgment of dismissal, his request for a COA was timely filed under Rule 4.  Because Julien filed a timely request for a COA that satisfied the notice requirements in Rule 3(c), we can treat that document as a notice of appeal and exercise jurisdiction over Julien's appeal.

B.

When a federal district court denies a state prisoner's § 2254 habeas petition, the prisoner must obtain a COA to appeal the denial.  Davis v. Roberts, 425 F.3d 830, 833

(10th Cir. 2005). In this case, the district court denied Julien's habeas petition for failing to exhaust state remedies, and did not reach the merits of his underlying claims. When a district court denies a § 2254 habeas petition on such a procedural ground, the Supreme Court of the United States has advised appellate courts to apply the following standard:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Julien's appeal fails the second part of the Slack test: whether jurists of reason would find it debatable whether the district court was correct in its procedural ruling. "In order to satisfy the exhaustion requirement, a federal habeas corpus petitioner must show that a state appellate court has had the opportunity to rule on the same claim presented in federal court, or that at the time he filed his federal petition, he had no available state avenue of redress." Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992) (citing Smith v. Atkins, 678 F.2d 883, 884-85 (10th Cir. 1982) (per curiam)). The record in this case reveals no resolution of Julien's postconviction proceeding at the trial court level. Although Julien unsuccessfully petitioned the Colorado Supreme Court to review his postconviction claims, that petition sought to invoke the Colorado Supreme Court's discretionary power to hear cases under its original jurisdiction. COLO. R. APP. P.

21(a)(1) ("Relief under this rule is extraordinary in nature and is a matter wholly within the discretion of the Supreme Court. Such relief shall be granted only when no other adequate remedy, including relief available by appeal or under C.R.C.P. 106, is available."). In Parkhurst v. Shillinger, 128 F.3d 1366 (10th Cir. 1997), we concluded that applying for similar relief with the Wyoming Supreme Court – a petition for a writ of certiorari which was "left to the sound discretion of the court" and which was confined to cases where no alternative remedy exists – does not constitute exhaustion. Id. at 1369. The prisoner's action failed to exhaust his claim, because "'where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, raising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation.'" Id. (quoting Castille v. Peoples, 489 U.S. 346, 351 (1989)).

Julien disputes none of this – in fact, he admits that he "by-passed [the] state court postconviction collateral process . . . ." Aplt. Br. at 3. Julien argues that the district court erroneously characterized his petition as arguing that he had exhausted his claims in state court. See id. at 4 ("The district court incorrectly construed my habeas complaint and show cause response and erroneously relied on the belief that I thought I had exhausted state remedies when I presented the seven claims in the complaint to the Colorado State Supreme Court in the [Rule 21] petition that was denied on December 2, 2004."). Instead of attempting to show exhaustion, Julien argues that the exhaustion requirement should not apply to him because his discovery of the trial judge's recusal in a separate criminal

case "justified an excuse of the exhaustion requirement and rendered state court process ineffective to protect the remaining claims, which were raised in the properly filed pending postconviction motion of December 22, 2003[,] even though I sought other relief." Id.

While exhausting available state remedies may be excused when "circumstances exist that render such process ineffective to protect the rights of the applicant," 28 U.S.C. § 2254(b)(1)(B)(ii), Julien offers no explanation why the recusal so taints the state court postconviction proceeding as to render it ineffective. Indeed, Julien informs us that he filed a supplemental petition for postconviction relief raising the information about the judge's recusal in early 2005 and that he continued to litigate the case in state court as recently as February 2006. As a result, Julien's claims remain unexhausted. As a failure to exhaust is a procedural bar which the district court was correct to invoke, a reasonable jurist could not conclude that the district court erred in dismissing Julien's petition.

## II.

We DENY Julien's request for a COA and DISMISS this matter. We also DENY Julien's motion to proceed in forma pauperis.

Entered for the Court


Mary Beck Briscoe
Circuit Judge

-5-