**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD DEAN SMITH,

Petitioner-Appellant,

v.

STEVE HARGETT,

Respondent-Appellee.

No. 97-6378
(D.C. No. 97-CV-756)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **LOGAN**, and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore
ordered submitted without oral argument.

---

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Richard Dean Smith appeals from the district court's order dismissing without prejudice his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. We grant petitioner's applications for leave to proceed in forma pauperis and for a certificate of appealability, see 28 U.S.C. § 2253(c), and remand the case for further proceedings.

Petitioner was convicted in an Oklahoma state court of three counts of second degree murder for intentionally driving his automobile into a group of Indian children walking on the shoulder of a highway, killing three of them. See Smith v. State, 674 P.2d 569 (Okla. Crim. App. 1984). He maintains that he was administered an overdose of a tranquilizer without his knowledge or permission while at a bar prior to driving into the group of children.

The district court determined that the petition contained claims that had not been exhausted in state court, as well as claims that had been exhausted, and dismissed it as a mixed petition. Petitioner appeals, alleging that the claims not raised in his direct criminal appeal were presented to the state's highest court in a petition for a writ of mandamus, which was subsequently denied.

Our review of the district court's legal conclusions is de novo; we afford a presumption of correctness to the state court's findings of fact unless not fairly supported by the record. See Sena v. New Mexico State Prison, 109 F.3d 652, 653 (10th Cir. 1997).

The district court found that petitioner had raised the following issues in his direct criminal appeal: (1) there was insufficient evidence that petitioner had the requisite state of mind for second degree murder, (2) petitioner's audiotaped inculpatory statements were not voluntary and should not have been played for the jury, (3) the prosecutor improperly inflamed the passions of the jury during closing arguments, and (4) petitioner's sentences were improperly imposed to run consecutively. The claims the district court found to be unexhausted are: (a) there is a "reasonable certainty" that a bar patron will not be administered a central nervous system tranquilizer without his knowledge or permission, and then be allowed to leave the bar without having been warned; and (b) the evidence that petitioner was administered a central nervous system tranquilizer before he left the bar was omitted from his trial, and he was suffering from central nervous system damage during his trial, thus rendering him incompetent to stand trial. The record reflects that these two claims were included in petitioner's application for writ of mandamus filed with the Oklahoma Supreme Court, who transferred the mandamus proceedings to the Oklahoma Court of Criminal Appeals. In denying the mandamus petition, the Oklahoma court held that petitioner had waived the right to raise these issues because they could have been included in his direct criminal appeal, but were not. Even though the mandamus procedure did not fairly present the merits of petitioner's new claims to the Oklahoma state

courts, those claims are effectively exhausted because they are now procedurally barred under Oklahoma law. See Parkhurst v. Shillinger, 128 F.3d 1366, 1370 (10th Cir. 1997) (even though claim was not fairly presented to state court, claim was "exhausted in reality" because it was procedurally barred); see also Hardiman v. Reynolds, 971 F.2d 500, 502 (10th Cir. 1992) ("Oklahoma in most situations precludes a prisoner from raising on collateral attack an issue that could have been, but was not, raised on direct appeal.") (citing Webb v. State, 661 P.2d 904, 905 (Okla. Crim. App. 1983)).

"Where the reason a petitioner has exhausted his state remedies is because he has failed to comply with a state procedural requirement for bringing the claim, there is a further and separate bar to federal review, namely procedural default." Parkhurst, 128 F.3d at 1370. Accordingly, even though we conclude that petitioner has exhausted his state court remedies, we do not consider the merits of those claims absent a showing of cause for the default and prejudice resulting therefrom. See id. at 1371. Because we have raised sua sponte the issue of procedural bar, petitioner must be provided an opportunity to respond. See Hardiman, 971 F.2d at 501-02. Therefore, we must remand this case to the district court to grant petitioner leave to demonstrate cause for his procedural default and resulting prejudice, or that a miscarriage of justice will occur if his claims are not considered. See Coleman v. Thompson, 501 U.S. 722, 750 (1991)

("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."). "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [petitioner's] efforts to comply with the State's procedural rule.'" Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). The district court should also consider the merits of any claims properly before it.

The cause is REMANDED to the United States District Court for the Western District of Oklahoma for further proceedings consistent with this order and judgment. The mandate shall issue forthwith.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

-5-