**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 7 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

RICHARD DEAN SMITH,

  Petitioner-Appellant,

v.

STEVE HARGETT,

  Respondent-Appellee.

No. 99-6130
(D.C. No. 97-CV-756)
(W.D. Okla.)

**ORDER AND JUDGMENT**  *

Before **ANDERSON** , **BARRETT** , and **BRISCOE,**  Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Richard Dean Smith seeks a certificate of appealability in order to pursue this appeal from an order of the district court denying his petition for

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

habeas corpus brought pursuant to 28 U.S.C. § 2254. The court held that two of the claims he brought in this action were procedurally barred and the remaining claim was without merit. Because Smith has failed to make "a substantial showing of the denial of a constitutional right," as required under 28 U.S.C. § 2253(c)(2), we deny his request and dismiss the appeal.[1]

Smith was convicted in an Oklahoma state court of three counts of second degree murder for intentionally driving his automobile into a group of Indian children walking on the shoulder of a highway, killing three of them. See Smith v. State, 674 P.2d 569, 571 (Okla. Crim. App. 1984). He was sentenced to three consecutive fifteen-year sentences. See id.

In his petition, Smith alleged that his signed written waiver and confessions were coerced and, therefore, inadmissible. Smith contended that he was administered a central nervous system tranquilizer without his permission at the bar he was at earlier in the evening. He asserted that evidence of that act should have been presented to show that he was incompetent to stand trial. The district court dismissed the petition as his allegations included both claims that had been exhausted and claims that had not been exhausted.

---

[1] We initially questioned whether Smith's notice of appeal was timely. Upon review of materials submitted by Smith and defendant, we conclude that the notice of appeal was timely.

On appeal, we concluded that Smith had exhausted his state court remedies. See Smith v. Hargett, No. 97-6378, 1998 WL 229679 at **2 (10th Cir. May 7, 1998). We remanded the case for a determination of whether Smith's claims were procedurally barred, an issue we raised sua sponte. [2] See id. On remand, the court determined that Smith had exhausted his first claim and that it was without merit. The court determined that Smith's other two claims were procedurally defaulted as Smith had failed to show either cause and prejudice for his default or factual innocence. See, e.g., Parkhurst v. Shillinger, 128 F.3d 1366, 1370-71 (10th Cir. 1997). The court denied relief.

On appeal, Smith raises thirty-one issues many with multiple subparts. We may only examine the issues delineated in our mandate. Cf. Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of Am., 962 F.2d 1528, 1534 (10th Cir. 1992) ("rule is well established" that district court must strictly comply with reviewing court's mandate).

We have reviewed the district court's judgment in light of Smith's submissions to this court and the record on appeal. We agree that, as to his first

---

[2] Smith argues that the issue of procedural bar was waived as defendant did not raise the issue to the district court. We may raise the issue sua sponte as long as the petitioner is permitted an opportunity to respond. See Hardiman v. Reynolds, 971 F.2d 500, 501 (10th Cir. 1992).

claim, Smith failed to establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," id. § 2254(d)(2). We also agree that Smith failed to establish cause and prejudice for his failure to raise his other claims in state court. Neither has he shown factual innocence.

We DENY Smith's request for a certificate of appealability and DISMISS this appeal. We GRANT his motion for in forma pauperis status. All remaining pending motions are DENIED. We will not address any of the other issues Smith has raised in his various affidavits to this court as they were not raised to the district court. See Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge