IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| Robert Neil Weikert, | ) | PER CURIAM DECISION |
| | ) | |
| Petitioner and Appellant, | ) | Case No. 20120047-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (April 5, 2012) |
| State of Utah, | ) | |
| | ) | 2012 UT App 103 |
| Respondent and Appellee. | ) | |

-----

Second District, Farmington Department, 110703995
The Honorable John R. Morris

Attorneys:     Robert Neil Weikert, Gunnison, Appellant Pro Se

-----

Before Judges Orme, Davis, and Roth.

¶1     Robert Neil Weikert appeals the trial court's order dismissing his petition for postconviction relief as untimely. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review. Rather than filing a memorandum in response to the motion, Weikert filed a second docketing statement, which we construe as his response. The second docketing statement also fails to state a substantial issue for review warranting further proceedings by this court.

¶2     Weikert's conviction was affirmed on direct appeal. *See State v. Weikert*, 2008 UT App 460U (mem.), *cert denied*, 207 P.3d 432 (Utah 2009). On April 21, 2009, the Utah Supreme Court denied Weikert's petition for certiorari. *See State v. Weikert*, 207 P.3d 432 (Utah 2009). Weikert filed his petition for postconviction relief in June 2011.

¶3 Under the Utah Post-Conviction Remedies Act (the PCRA), a petition for postconviction relief must be filed within one year after the cause of action accrues. *See* Utah Code Ann. § 78B-9-107 (2011). For Weikert, the cause of action accrued on April 9, 2009, when the supreme court denied certiorari. *See id.* § 78B-9-107(2)(d). Because Weikert did not file his petition until June 2011, more than two years after the denial of certiorari, the trial court issued an order to show cause permitting Weikert the opportunity to show why his petition should not be dismissed as untimely. *See id.* § 78B-9-106(2)(b) ("Any court may raise a procedural bar or time bar on its own motion, provided that it gives the parties notice and an opportunity to be heard.").

¶4 After briefing, the trial court dismissed Weikert's petition as untimely. Weikert argues on appeal that the trial court erred because the time to file his petition was tolled due to his incapacity. He also asserts that the trial court relied on grounds not actually put forth in his memorandum in response. We conclude that the trial court addressed Weikert's incapacity argument in its ruling and properly dismissed the petition.

¶5 Although the PCRA has a one-year statute of limitations, under certain circumstances, the time may be tolled. *See id.* § 78B-9-107(3). Section 78B-9-107(3) provides,

> The limitations period is tolled for any period during which the petitioner was prevented from filing a petition due to state action in violation of the United States Constitution, or due to physical or mental incapacity. The petitioner has the burden of proving by a preponderance of the evidence that the petitioner is entitled to relief under this Subsection.

*Id.*

¶6 Weikert asserts that the conditions of his confinement were so stressful that he was incapacitated and could not timely file his petition. However, he has asserted no specific facts and has provided no evidentiary support to establish that he was incapacitated during the time the limitations period was running. On the contrary, documents in the record show that he held a prison job prior to the expiration of the statute of limitations and that he filed a federal habeas corpus petition during that time. The severe conditions of confinement to which Weikert asserts he was subjected

apparently did not occur until July 2010, when his privilege level was reduced. At that point, the time for filing his petition had already expired. Additionally, he had shown himself capable of pursuing legal relief in prosecuting the federal action. He also pursued relief through the grievance procedures at the prison even after his confinement conditions changed.

¶7    The trial court addressed Weikert's incapacity argument in its order of dismissal and did not overlook Weikert's asserted grounds for tolling the time. The trial court found that Weikert had not provided support for his claims of incapacity and, in fact, had shown himself to be capable of pursuing relief in other forums. We agree that Weikert did not establish any incapacity within the scope of section 78B-9-107(3). Because there was no circumstance that would toll the time to file a postconviction petition, the trial court did not err in dismissing Weikert's petition as untimely.[1]

¶8    Affirmed.


_____
Gregory K. Orme, Judge



_____
James Z. Davis, Judge



_____
Stephen L. Roth, Judge

_____

[1]Weikert's other identified issues appear to relate to the merits of his underlying petition. However, only the matter of timeliness is before this court. Accordingly, we do not address the other issues because they are not relevant to the case on appeal in its present posture.