**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 21, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT NEIL WEIKERT,

Petitioner - Appellant,

v.

CHARLES BIGELOW, Warden,

Respondent - Appellee.

No. 13-4168

(Utah)

(D.C. No. 2:10-CV-00512-DAK)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Defendant and petitioner, Robert Neil Weikert, a Utah state prisoner

proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to

appeal the dismissal of his 28 U.S.C. § 2254 petition. Concluding that he has

failed to meet the requirements for issuance of a COA, we deny Mr. Weikert a

COA and dismiss this appeal.

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

Mr. Weikert was convicted, following a bench trial, of aggravated sexual abuse of a child, and he was sentenced to five years to life imprisonment. The Utah Court of Appeals affirmed his conviction and sentence. State v. Weikert, 2008 WL 5257054 (Utah Ct. App. Dec. 18, 2008 ) (unpublished). The Utah Supreme Court denied certiorari. State v. Weikert, 207 P.3d 536 (Utah Apr. 21, 2009) (unpublished). Mr. Weikert did not seek review by the United States Supreme Court.

On June 1, 2010, Mr. Weikert filed the instant petition for habeas corpus relief under 28 U.S.C. § 2254. The state responded that the petition should be denied because the issues raised were procedurally barred. The district court denied the petition, finding that Mr. Weikert "raise[d] no valid ground for federal habeas relief." Order at 7, R. Vol. IV at 170. In its analysis, the district court concluded that Mr. Weikert:

> did not raise properly exhausted claims. Instead, [Mr. Weikert] raised several new claims, all of which are "technically exhausted" because [Mr. Weikert] now has no legal mechanism to raise and properly exhaust them in Utah courts. Because [Mr. Weikert]'s federal habeas claims cannot be properly exhausted in state court, they are procedurally defaulted and barred in federal court.

Id. at 168. The court then determined that Mr. Weikert had shown neither cause nor prejudice nor a fundamental miscarriage of justice so as to permit review of his procedurally defaulted claims. As a result, the court dismissed the habeas

petition.  The court did not address the issue of a COA; Mr. Weikert has therefore

applied to this court for a COA.


**DISCUSSION**

"A COA is a jurisdictional prerequisite to our review of a petition for a writ

of habeas corpus."  Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009); see

28 U.S.C. § 2253(c)(1)(A).  A COA should issue "only if the applicant has made

a substantial showing of the denial of a constitutional right," 28 U.S.C.

§ 2253(c)(2); he can do this by demonstrating "that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further."  Dodd v. Trammell, 730 F.3d 1177,

1205 (10th Cir. 2013) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

An applicant denied habeas relief on procedural grounds "must also show

'that jurists of reason would find it debatable . . . whether the district court was

correct in its procedural ruling.'"  Coppage v. McKune, 534 F.3d 1279, 1281

(10th Cir. 2008) (quoting Slack, 529 U.S. at 484).  "Where a plain procedural bar

is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in

dismissing the petition or that the petitioner should be allowed to proceed

further."  Slack, 529 U.S. at 484.

Habeas relief under § 2254 generally will not be granted to a petitioner unless the petitioner has "exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(l) (A).  See Parkhurst v. Shillinger, 128 F.3d 1366, 1368 (10th Cir. 1997) ("It has long been clear that a § 2254 petition containing federal claims which have not been exhausted in state court must be dismissed.").  The exhaustion requirement is typically satisfied "'once [a] federal claim has been fairly presented to the state courts.'"  Id. (quoting Castille v. Peoples, 489 U.S. 346, 351 (1989)).

Here, Mr. Weikert has not raised issues which he properly exhausted in state court.  Rather, he raises several new claims, including:  there were various instances of ineffective assistance of counsel; there was insufficient evidence; his right to testify was somehow compromised/improperly waived; his right not to testify was violated; there was witness tampering; the state used duress to obtain untruthful victim testimony; witnesses were permitted to view testimony by other witnesses; and prejudicial physical demonstrations were employed.  None of these issues was actually exhausted in state court.

The exhaustion requirement, however, "refers only to remedies still available at the time of the federal petition."  Engle v. Isaac, 456 U.S. 107, 125-26 n.28 (1982).  No such remedies remain in state court for Mr. Weikert.[1]

_____

[1]On June 13, 2011, Mr. Weikert filed an untimely petition for post-conviction relief in Utah Second District Court.  The Utah state district court

(continued...)

Although a timely state post-conviction petition would have given him the opportunity to attempt to exhaust the federal claims he now raises, Mr. Weikert is now barred by Utah's one-year statute of limitations for state post-conviction relief and he cannot exhaust his new claims. See Utah Code Ann. § 78B-9-107 (2013). He has accordingly "technically" exhausted his claims: "A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion [because] there are no state remedies any longer available to him." Coleman v. Thompson, 501 U.S. 722, 732 (1991); Parkhurst, 128 F.3d at 1370.

That inability does not, however, permit Mr. Weikert to pursue his claims in federal court. As the district court determined, "[w]here the reason a petitioner has exhausted his state remedies is because he has failed to comply with a state procedural requirement for bringing the claim, there is a further and separate bar to federal review, namely procedural default." Parkhurst, 128 F.3d at 1370. A petitioner can overcome procedural default by showing cause and prejudice. See Maples v. Thomas, 132 S. Ct. 912, 922 (2012). "Cause for a procedural default exists where 'something *external* to the petitioner, something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with the State's

---

[1](...continued)

ruled on Dec. 14, 2011 that the petition was time-barred and dismissed it with prejudice. The Utah Court of Appeals affirmed. Weikert v. State, 275 P.3d 1088 (Utah Ct. App. Apr. 5, 2012) (per curiam) (unpublished). The Utah Supreme Court denied Mr. Weikert's request for certiorari review on June 28, 2012.

procedural rule.'" Id. (quoting Coleman, 501 U.S. at 753). And for a petitioner to show prejudice, he must show that he suffered "actual prejudice as a result of the alleged violation of federal law." Coleman, 501 U.S. at 750. Procedural default can also be overcome if there has been a fundamental miscarriage of justice—that is, if the petitioner is actually innocent of the crime of conviction. See Black v. Workman, 682 F.3d 880, 915 (10th Cir. 2012).

The district court found that Mr. Weikert "has not explained his failure to exhaust his claims in Utah courts." Order at 6, R. Vol. IV at 169. Thus, he has failed to show cause or prejudice or a fundamental miscarriage of justice. We agree. Mr. Weikert offers no comprehensible explanation for his failure to raise, in a timely manner in state court, the issues he now attempts to raise before us. The district court's explanation for its dismissal of Mr. Weikert's petition is clear, precise and complete. No reasonable jurist could debate its propriety.

## CONCLUSION

For the foregoing reasons, we DENY Mr. Weikert a COA and DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-6-