**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 13, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DOUGLAS A GLASER,

Petitioner - Appellant,

v.

V. EVERETT; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents - Appellees.

No. 13-1292

(D. Colorado)

(D.C. No. 1:13-CV-00961-LTB)

---

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

---

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Applicant and appellant, Douglas A. Glaser, a Colorado state prisoner

proceeding *pro se*, seeks a certificate of appealability ("COA") in order to appeal

the dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. The

district court dismissed the petition without prejudice for failure to exhaust state

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

remedies.  After concluding that Mr. Glaser has failed to meet the standard for the issuance of a COA, we deny him a COA and dismiss this matter.

## BACKGROUND

As stated by the district court, Mr. Glaser was first arrested on February 14, 2005, and "the procedural history of [his criminal] case is extraordinarily tortured and star-crossed."  People v. Glaser, 250 P.3d 632, 635 (Colo App. 2010).  That 2010 Colorado Court of Appeals decision regarding Mr. Glaser described his procedural history as including, "[a]mong other things, eight rescheduled trial dates, two mistrials, three replacements of defense counsel (including one because of a suicide and another because of a mental breakdown mid-trial), one interlocutory appeal by the prosecution, and two petitions to the supreme court by defendant."  Id.  On January 21, 2010, after the trial court dismissed the charges[1] against Mr. Glaser on state and federal constitutional speedy trial grounds, the Colorado Court of Appeals reversed and remanded the case with directions to reinstate the charges.  See id.

Mr. Glaser was subsequently re-arrested in April 2011.  Following a trial in January 2012, he was convicted of securities fraud.  Mr. Glaser was convicted of other charges following trials in June 2012.  On August 27, 2012, he was

---

[1]Mr. Glaser had been charged with securities fraud and related counts of theft, forgery, conspiracy and criminal impersonation.

sentenced by the Denver District Court to a total term of twenty-five years' imprisonment for all of his convictions. Mr. Glaser then filed a direct appeal to the Colorado Court of Appeals, and the parties agree (and we have found no evidence to the contrary) that the direct appeal remains pending in the Colorado appellate court.[2]

On May 2, 2013, Mr. Glaser filed an Application for a Writ of Habeas Corpus, challenging the validity of his convictions which resulted in the twenty-five year sentence. He alleged fifteen claims for relief: (1) inordinate delay with respect to his direct appeal; (2) denial of a fair trial with respect to the securities fraud counts; (3) denial of sixth amendment right to effective assistance of counsel; (4) double jeopardy violation with respect to counts 20-42; (5) double jeopardy violation with respect to counts 1-19; (6) double jeopardy violation with respect to count 43; (7) denial of sixth amendment right to a speedy trial; (8) illegal search and seizure in violation of the Fourth Amendment; (9) denial of due process based on prosecutorial bias and misconduct; (10) denial of due process based on the prosecution's failure to provide a bill of particulars; (11) denial of due process based on malicious and vindictive prosecution; (12) denial of due process based on the reinstatement of charges in February 2007; (13) insufficient evidence to support convictions on securities fraud counts; (14) insufficient

_____

[2]The case number for Mr. Glaser's direct appeal pending before the Colorado Court of Appeals is 12CA1795.

evidence to support convictions on racketeering count; and (15) cruel and unusual punishment based on the length of the prison sentence imposed and prison classification and placement.

On May 3, 2013, the magistrate judge to whom the matter had been referred ordered the Respondents/Appellees to file a Pre-Answer Response limited to raising the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intended to raise either or both of those defenses at trial. On May 23, 2013, Respondents filed a Pre-Answer Response in which they argued that the application should be denied without prejudice for failure to exhaust state remedies.

After explaining why claim 15, relating to alleged cruel and unusual punishment based on the length of Mr. Glaser's prison sentence and his prison classification and placement, was not properly raised in a habeas petition, the magistrate judge considered whether the remaining claims had been exhausted. Finding that Mr. Glaser had failed to satisfy his burden to show that he had exhausted the available state remedies, the magistrate judge recommended dismissal of the complaint. The district court agreed, and dismissed the complaint without prejudice. The court also denied Mr. Glaser a COA, concluding that he has "not made a substantial showing of the denial of a constitutional right." Order at 8. This request for a COA followed.

**DISCUSSION**

"A COA is a prerequisite to appellate jurisdiction in a habeas action." Lockett v. Tramel, 711 F.3d 1218, 1230 (10th Cir. 2013). It may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected . . . constitutional claims on the[ir] merits," the applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a district court's ruling rests on procedural grounds, the applicant must prove both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.; Woodward v. Cline, 693 F.3d 1289, 1292 (10th Cir. 2012).

The district court carefully and thoroughly explained why Mr. Glaser's case must be dismissed for failure to exhaust. As the court stated, before seeking federal habeas relief, a state prisoner must first exhaust state remedies, or show that such remedies are ineffective. 28 U.S.C. § 2254(b)(1). "The exhaustion requirement is satisfied if the issues have been properly presented to the highest state court, either by direct review of the conviction or in a post-conviction attack." Brown v. Shanks, 185 F.3d 1122, 1124 (10th Cir. 1999) (quotation

omitted); <u>see</u> <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989).  The court concluded

that Mr. Glaser had failed to meet his burden to prove exhaustion:

> First, there is no dispute that case number 12CA1795, Mr. Glaser's direct appeal from the judgment of conviction, remains pending in the Colorado Court of Appeal.  As a result, it is clear that Mr. Glaser has not fairly presented any claims to the state courts on direct appeal.
>
> Second, Mr. Glaser fails to demonstrate that he has experienced inexcusable or inordinate delay with respect to the state court direct appeal proceedings following his sentencing in August 2012.  Inexcusable or inordinate delay in state court proceedings may make the state process ineffective to protect a habeas applicant's rights and excuse a failure to exhaust state remedies.
>
> . . . .
>
> Third, the Court is not persuaded by Mr. Glaser's conclusory assertion that he has exhausted state remedies because he "has clearly presented his federal claims to the Colorado Supreme Court on numerous occasions, all of which were denied en banc."  Because Mr. Glaser was not sentenced until August 2012, the Court finds that he could not have fairly presented to the Colorado Supreme Court in any of the proceedings prior to his sentencing all of the claims he raises in this action challenging the validity of his conviction and sentence.  With respect to state court proceedings after his sentencing in August 2012, Mr. Glaser contends he has satisfied the exhaustion requirement by filing a petition in the Colorado Supreme Court pursuant to Rule 21 of the Colorado Rules of Appellate Procedure in September 2012. . . .
>
> The Court finds that the C.A.R. 21 petition Mr. Glaser filed in the Colorado Supreme Court in September 2012 does not satisfy the fair presentation requirement because a "claim . . . presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor . . . does not, for the relevant purpose, constitute fair presentation."  <u>Castille</u>, 489 U.S. at 351 (internal quotation marks and citation omitted); <u>see also Parkhurst v.</u>

Shillinger, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ. . . . As a result, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument.

Order at 6-8. We completely agree with the district court's reasoning and conclusion. We accordingly deny a COA for Mr. Glaser and dismiss this matter. Finally, we agree with the district court that this appeal was not taken in good faith, as there is no basis for challenging the propriety of the court's decision. We therefore deny Mr. Glaser's request to proceed on appeal *in forma pauperis* and remind him that he remains liable for all appellate fees. We also deny his motion to file a supplemental brief.

## CONCLUSION

For the foregoing reasons, we DENY a COA and DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge