**UNITED STATES COURT OF APPEALS**

**August 18, 2016**

**TENTH CIRCUIT**

DOUGLAS A. GLASER,

      Plaintiff - Appellant,

v.

RICK RAEMISCH, Director of
Colorado Department of Corrections,
individually and officially; MARY
CARLSON, Manager of Offender
Time/Release Operations, individually
and officially; TRAVIS TRANI,
Warden of Colorado State
Penitentiary, individually and
officially; COLORADO
DEPARTMENT OF CORRECTIONS,

      Defendants - Appellees.

No. 16-1228
(D.C. No. 1:16-CV-00919-LTB)
(D. Colo.)

DOUGLAS A. GLASER,

      Petitioner - Appellant,

v.

TRAVIS TRANI; CYNTHIA H.
COFFMAN, Attorney General of the
State of Colorado,

      Respondents - Appellees.

No. 16-1234
(D.C. No. 1:15-CV-02427-LTB)
(D. Colo.)

## ORDER AND JUDGMENT AND
## ORDER GRANTING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.

After a Colorado jury found Douglas Glaser guilty of fraud, he was sentenced to 25 years in prison. Amidst an ongoing state court appeal of that conviction, he came to federal court seeking two forms of relief. First, he brought a 42 U.S.C. § 1983 action claiming that he was unconstitutionally denied good time credits during a period of pre-trial confinement. Separately, he applied for a writ of habeas corpus under 28 U.S.C. § 2254, arguing that his trial and subsequent appeal violated his constitutional rights. The district court dismissed both actions, but he asks us to allow them to proceed.

As the district court explained in its well-reasoned order, a prisoner cannot use a § 1983 action to challenge the validity of his sentence. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). That rule bars actions like Mr. Glaser's that seek to reduce the duration of a sentence by winning good time credits. *Preiser v.*

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Rodriguez*, 411 U.S. 475, 487-90 (1973).  The appropriate avenue for Mr. Glaser's claims is by writ of habeas corpus.  *Id.* at 487-88.

The district court was also correct to dismiss Mr. Glaser's habeas application for failure to exhaust state remedies, for his petition for certiorari was still pending before the Colorado Supreme Court.  *See* 28 U.S.C. § 2254(b)(1).  But that petition has since been denied and his conviction now appears to be final.  *See* Colo. App. R. 51.1(a).  So it is that we must remand his application to the district court for further proceedings.  *See Bonner v. Evans*, 48 F.3d 1231, at *1 (10th Cir. 1995) (unpublished table decision).

The district court's order dismissing Mr. Glaser's § 1983 action is affirmed.  Mr. Glaser's request for a certificate of appealability is granted and the district court's order dismissing his application for habeas corpus is vacated and remanded.  Mr. Glaser's motion to proceed in forma pauperis in appeal number 16-1234 is granted.  His motion for leave to proceed without prepayment of costs and fees in appeal number 16-1228 is denied.  He is reminded he must pay the filing fee in full in appeal number 16-1228.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge


- 3 -