**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 8, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DOUGLAS A. GLASER,

     Petitioner - Appellant,

v.

TRAVIS TRANI; CYNTHIA H.
COFFMAN, Attorney General of the State
of Colorado,

     Respondents - Appellees.

No. 17-1087
(D.C. No. 1:15-CV-02427-RM)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

Douglas A. Glaser, a state prisoner proceeding pro se, requests a certificate of

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254

application for a writ of habeas corpus. We deny a COA and dismiss this matter. We

also deny Mr. Glaser's motion for leave to proceed in forma pauperis (IFP).

**I. Background**

Mr. Glaser was convicted after three trials in Colorado state court on charges

involving the Colorado Organized Crime Control Act, securities fraud, forgery,

possession of a forged instrument, possession of two or more financial transaction

---

[*] This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

devices, criminal impersonation, and possession of a weapon by a previous offender (POWPO). A description of the extensive procedural history of his case may be found in the unpublished opinion of the Colorado Court of Appeals (CCA) on Mr. Glaser's direct appeal, which affirmed the judgments against him. *See People v. Glaser*, No. 12CA1795 (Colo. App. Jan. 21, 2016).

Mr. Glaser's second amended application is his latest attempt to obtain relief in federal district court under § 2254.[1] The application asserts 11 claims. The district court first dismissed Claims 8 and 10 for failure to state a cognizable federal constitutional claim, and Mr. Glaser does not appeal that ruling. The court also dismissed Claim 9 and part of Claim 3 as procedurally barred. The court denied relief on the remaining claims in a thorough, 61-page opinion.

Mr. Glaser now seeks a COA to appeal the district court's denial of habeas relief. His application to this court appears to raise the same claims as in the amended application to the district court, except for Claims 8 and 10.[2] We agree with the district court's reasoning and conclusions.

---

[1] Mr. Glaser's previous habeas petition was dismissed without prejudice because he failed to exhaust his state remedies. *Glaser v. Everett*, No. 13-cv-00961-BNB, 2013 WL 3147288 (D. Colo. June 19, 2013). After this court denied a COA, *Glaser v. Everett*, 536 F. App'x 817 (10th Cir. 2013), the Colorado Supreme Court denied Mr. Glaser's petition for certiorari, and his conviction became final. This court then granted a COA, vacated the district court's order, and remanded the case. *Glaser v. Raemisch*, 668 F. App'x 341 (10th Cir. 2016).

[2] We liberally construe Mr. Glaser's pro se filings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## II. Law

To obtain a COA, Mr. Glaser must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). When a state court has decided the petitioner's claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* But when a state court has denied relief on procedural grounds, the petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

## III. Analysis

With respect to Claim 1, Mr. Glaser makes no showing the district court unreasonably applied federal law when it concluded that he had failed to demonstrate or even argue that he suffered prejudice as a result of appellate delay during his direct appeal. *See Harris v. Champion*, 15 F.3d 1538, 1566 (10th Cir. 1994) ("[A]ny petitioner whose direct criminal appeal has now been decided and whose conviction has been affirmed is not entitled to habeas relief based solely on delay in adjudicating

3

his or her appeal, unless the petitioner can show actual prejudice to the appeal, itself, arising from the delay.").

With respect to Claim 2, he has not shown that the district court unreasonably applied federal law when it determined that the CCA's rejection of his claim based on *Brady v. Maryland*, 373 U.S. 83 (1963), was not contrary to or an unreasonable application of clearly established federal law because he failed to identify to the CCA any evidence that had been suppressed, fabricated, or perjured. Further, the district court noted that the CCA had found Mr. Glaser failed to show that the prosecution had suppressed anything; rather, the prosecution merely chose not to present Mr. Glaser's version of the facts to the jury, and those facts related to information Mr. Glaser knew or should have known. *See United States v. Quintanilla*, 193 F.3d 1139, 1149 (10th Cir. 1999) (stating that no *Brady* violation occurs "[i]f a defendant already has a particular piece of evidence" that the prosecution fails to disclose"). Reasonable jurists would not find the district court's assessment of Mr. Glaser's *Brady* claim debatable or wrong.

With respect to Claim 3, Mr. Glaser makes no showing that the district court unreasonably applied federal law when it determined that the CCA's rejection of his speedy trial claim was not contrary to clearly established federal law. Nor has he produced any evidence to rebut the presumption of correctness that attached to the CCA's factual findings. *See* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing

4

evidence."). Although Mr. Glaser disagrees with the manner in which the CCA applied the factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972), and assessed the various delays in bringing his cases to trial, he has not cited any authority to support his contention that the district court's rejection of this claim was contrary to clearly established federal law.

With respect to Claims 4 and 5, both based on double jeopardy, Mr. Glaser has not shown that the district court unreasonably applied clearly established federal law. The charges underlying Claim 4 were dismissed before a jury was empaneled. Because "jeopardy attaches when the jury is empaneled and sworn," *Crist v. Bretz*, 437 U.S. 28, 35 (1978), Mr. Glaser has not demonstrated that the CCA's determination with respect to this double jeopardy claim is contrary to or an unreasonable application of clearly established federal law.

Mr. Glaser's convictions underlying Claim 5 stem from charges on which he was retried after his first trial ended in a mistrial declared due to "manifest necessity." *Oregon v. Kennedy*, 456 U.S. 667, 672 (1982) (internal quotation marks omitted) ("Where the trial is terminated over the objection of the defendant, the classical test for lifting the double jeopardy bar to a second trial is the 'manifest necessity' standard."). "The decision whether to grant a mistrial is reserved to the broad discretion of the trial judge." *Renico v. Lett*, 559 U.S. 766, 774 (2010) (internal quotation marks omitted). After the prosecution presented its case-in-chief in the first trial, Mr. Glaser's counsel requested a continuance, which the trial court denied. Counsel then began harming himself by scraping his palm with a paper clip,

5

and he informed the court that he had been diagnosed with bipolar disorder and was concerned about whether he would be able to continue effectively representing Mr. Glaser. The CCA determined that counsel's symptoms as well as questions about the legitimacy of the trial's outcome presented serious concerns over which the court had no control. It concluded that in the absence of any assurance that counsel's symptoms would soon subside, the court did not abuse its discretion by granting a mistrial. Mr. Glaser cites no authority supporting his contention that granting a mistrial due to counsel's mental illness was contrary to clearly established federal law. He has therefore failed to demonstrate entitlement to relief on this claim.

With respect to Claim 6, Mr. Glaser has not shown that the district court unreasonably applied clearly established federal law when it determined that the CCA did not err by rejecting his argument that his Sixth Amendment rights were violated when transcripts of testimony from three witnesses at his first trial (who were no longer available) were admitted at his second trial. Although Mr. Glaser argues that his counsel was ineffective when he cross-examined those witnesses, the district court noted that this argument is "factually inaccurate" because the CCA "found as a factual matter that there had been no determination that second appointed counsel was ineffective at the relevant time." R., Vol. II at 389. Indeed, the trial court assured counsel he had done a good job cross-examining the prosecution's witnesses. Again, Mr. Glaser has not presented clear and convincing evidence to rebut the presumption of correctness that applies to the state court's factual findings. *See* § 2254(e)(1). "[T]he Confrontation Clause guarantees an *opportunity* for

6

effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." *Delaware v. Fensterer*, 474 U.S. 15, 20 (1985). Because Mr. Glaser had a prior opportunity to cross-examine the three witnesses, the CCA did not unreasonably apply federal law when it concluded that Mr. Glaser's right to confront witnesses was not violated.

With respect to Claim 7, Mr. Glaser has made no showing that the district court unreasonably applied clearly established federal law when it determined that the prosecution did not misstate the law regarding the affirmative defense to the POWPO charge. As the district court noted, he cites no "contradictory governing law set forth in Supreme Court cases or any materially indistinguishable Supreme Court decision that would compel a different result." R., Vol. II at 392. His reliance on *People v. Carbajal*, 2012 COA 34, is misplaced. That decision was reversed by the Colorado Supreme Court, which held that a trial court does not err when it instructs the jury that "it is an affirmative defense to the charge of POWPO that the defendant possessed a firearm for the purpose of defending himself, home, or property from what he reasonably believed to be a threat of imminent harm." *People v. Carbajal*, 2014 CO 60, ¶ 21 (brackets and internal quotation marks omitted).

With respect to Claim 11, Mr. Glaser has not demonstrated that the district court unreasonably applied clearly established federal law when it determined that the evidence, when viewed in the light most favorable to the prosecution, was sufficient to support his convictions related to his possession of a forged passport and his intent to defraud the police officer to whom he showed it when asked to identify

7

himself.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (To resolve claims based on sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt").  Nor does Mr. Glaser make any showing that the CCA unreasonably applied clearly established federal law or unreasonably determined the facts in light of the evidence presented by concluding that Mr. Glaser had notice of the factual allegations that supported the charges related to the forged passport.

With respect to Claim 9 and the part of Claim 3 that was dismissed, Mr. Glaser does not address the district court's determination that these were procedurally barred.  We discern no grounds on which jurists of reason would find it debatable that the district court's procedural ruling was correct.

## IV.  Conclusion

For the foregoing reasons, we deny a COA and dismiss the appeal. Mr. Glaser's motion to proceed IFP is denied, and we order immediate payment of the unpaid balance of the appellate filing fee.

Entered for the Court


Gregory A. Phillips
Circuit Judge

8