**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**August 20, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

KATHLEEN GORMLEY,

    Petitioner - Appellant,

v.

ANDRE STANCIL; PHIL WEISER, The
Attorney General of the State of Colorado,

    Respondents - Appellees.

No. 24-1270
(D.C. No. 1:24-CV-00389-LTB-SBP)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **MATHESON**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Appearing pro se, Kathleen Gormley seeks a certificate of appealability ("COA")

to challenge the district court's dismissal of her 28 U.S.C. § 2254 habeas petition.[1] The

district court dismissed the petition after concluding Ms. Gormley had not exhausted all

available state court remedies. Because this conclusion is not reasonably debatable, we

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Ms. Gormley is proceeding pro se, we construe her filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, we may not advocate on her behalf. *Id.*

deny the request for a COA and dismiss this matter. We also deny Ms. Gormley's motion to proceed in forma pauperis (IFP) and her Motion for Clarification.

## I.    BACKGROUND

After a jury found Ms. Gormley guilty of stalking, the state court imposed a three-year prison term. Ms. Gormley is currently serving her sentence in the custody of the Colorado Department of Corrections. After her conviction, Ms. Gormley filed several post-trial motions in the state district court, including motions to dismiss and motions to declare a mistrial. The state district court denied these motions, as well as a petition for a writ of habeas corpus that Ms. Gormley later filed.

Ms. Gormley also filed a notice of appeal in the Colorado Court of Appeals. There is no record before this court of Ms. Gormley having filed an opening brief or the appeal being dismissed, so it appears this appeal is pending. After initiating the direct appeal, Ms. Gormley filed two petitions for habeas corpus in the Colorado Supreme Court. The Colorado Supreme Court summarily denied both petitions.

Unsuccessful in state court, Ms. Gormley applied for a writ of habeas corpus in federal district court. In her application, Ms. Gormley challenges the validity of her stalking conviction and asserts violations of her Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendment rights. In a Pre-Answer Response, Respondents argued that Ms. Gormley had failed to exhaust all available state court remedies. A magistrate judge agreed and recommended that the federal district court dismiss Ms. Gormley's application on exhaustion grounds. The district court, after conducting a de novo review, adopted the magistrate judge's Report and Recommendation and dismissed

Ms. Gormley's § 2254 application without prejudice for failure to exhaust state court remedies.

Ms. Gormley timely appealed, and we remanded for the district court to consider whether to issue a COA. The district court declined to issue a COA, concluding that its exhaustion ruling was not subject to reasonable debate. Ms. Gormley now seeks a COA from this court.

## II.    DISCUSSION

Ms. Gormley must obtain a COA before she can appeal. 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862, 867 (10th Cir. 2000) (holding "that a state prisoner must obtain a COA to appeal the denial of a habeas petition . . . filed pursuant to § 2254"). To obtain a COA, Ms. Gormley must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added). Ms. Gormley has failed to meet her burden because she has not demonstrated that the district court's exhaustion ruling is reasonably debatable.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust [her] remedies in state court." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A). State prisoners exhaust available state court remedies "by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. But "it is not sufficient merely that the [prisoner] has been through the state courts"—the federal claims must have been "fairly presented

3

to the state courts." *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). The burden is on the prisoner to demonstrate exhaustion. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

The record before us indicates only that Ms. Gormley has an appeal pending before the Colorado Court of Appeals. A pending appeal does not demonstrate that claims were "fairly presented" to the state court. *Picard*, 404 U.S. at 275; *see also Ray v. Crow*, 809 F. App'x 549, 550 (10th Cir. 2020) (unpublished) (holding state remedies were not exhausted when direct appeal was pending).[2]

Nor is it sufficient that Ms. Gormley filed habeas petitions in the Colorado Supreme Court. When a "claim has been presented for the first and only time in a procedural context in which its merits [ordinarily] will not be considered," the claim has not been fairly presented to the state court. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In Colorado, habeas petitions are subject to Colorado Rule of Appellate Procedure 21, under which relief is "extraordinary in nature," "wholly within the discretion of the supreme court," and "granted only when no other adequate remedy is available, including relief available by appeal." Colo. App. R. 21(a)(2)–(3). Given the pending direct appeal, it appears Ms. Gormley presented her habeas petitions to the Colorado Supreme Court in a context in which the merits ordinarily "will not be considered." *Castille*, 489 U.S. at 351. The Colorado Supreme Court's summary denials further indicate it did not consider the merits of Ms. Gormley's petitions. *See Glaser v. Everett*, 536 F. App'x 817, 818, 820

---

[2] We cite unpublished decisions for their persuasive value only and do not treat them as binding precedent. 10th Cir. R. 32.1(A).

(10th Cir. 2013) (unpublished) (denying COA on exhaustion grounds when prisoner had pending direct appeal in the Colorado Court of Appeals and had petitioned for an extraordinary writ in the Colorado Supreme Court); *see also Ex parte Hawk*, 321 U.S. 114, 116 (1944) (per curiam) (holding prisoner's claims were not exhausted when they were "presented to the state courts only in an application for habeas corpus filed in the Nebraska Supreme Court, which it denied without opinion"). For these reasons, the habeas petitions do not demonstrate the federal claims were "fairly presented to the state courts." *Picard*, 404 U.S. at 275.

Before this court, Ms. Gormley does not try to demonstrate she exhausted all available state court remedies. Instead, she asserts that she "never initiated" the direct appeal to the Colorado Court of Appeals. Appellant's Br. at 8. Assuming this is true, we are only more persuaded that reasonable jurists would agree Ms. Gormley failed to exhaust available state court remedies. Ms. Gormley also argues that she exhausted all administrative remedies and points out that the federal district court stated it was dismissing her habeas petition for failing to exhaust "administrative remedies." ROA at 197. But the district court adopted the magistrate judge's recommendation, which was to dismiss for failure to exhaust state court remedies, so the reference to "administrative remedies" was inadvertent.

Considering the record before us, reasonable jurists would not disagree with the district court's exhaustion ruling. We thus decline to issue a COA.

We also deny Ms. Gormley's motion to proceed IFP because she failed to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the

issues raised." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Additionally, because we dismiss this case, we deny as moot Ms. Gormley's Motion for

Clarification, which asks us to clarify whether Respondents' attorneys have a conflict of

interest.

### III.    CONCLUSION

We DENY Ms. Gormley's request for a COA and DISMISS this matter. We also

DENY Ms. Gormley's motion to proceed IFP and her Motion for Clarification.

Entered for the Court

Carolyn B. McHugh
Circuit Judge